Hal Bienvenu, M.D., F.A.C.S. 11300 Financial Centre Parkway, Suite 800 Little Rock, AR 72211
Dear Dr. Bienvenu:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq. (Repl. 2002 Supp. 2003). You have submitted your request pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General.
The supporting information you have provided reflects that you have requested and been denied "information and records" from the Little Rock Police Department "relating to an incident at my residence in May 2003 by police officers breaching Fourth Amendment Rights." In correspondence declining to produce the records, the custodian identified the requested information as "the Internal Affairs file regarding your complaint against officers of the Little Rock Police Department." As justification for his refusal to produce the file, the custodian observed: "Internal Affairs files that do not result in suspension or termination of an employee are not dissociable [sic] under FOI."
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A). Given that the subjects of you request are all public employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
In my opinion, any records that were created at the behest of the Department as a part of an internal investigation of the officers in question constitute "employee evaluation/job performance records." See
Ops. Att'y Gen. Nos. 2002-235; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. As I noted in Ark. Op. Att'y Gen. No. 2003-078:
 With regard to the separate exemption for "employee evaluation/job performance records," although the FOIA does not define this phrase, this office has previously opined that it encompasses, generally, records relating to an employee's performance or lack of performance on the job. See, e.g., Op. Att'y Gen. 2001-055. It includes, in my opinion, records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. See, e.g., Op. Att'y Gen. 2001-063 (Internal Affairs file that was generated at the instance of the Department in the course of investigating a complaint against an employee constitutes "employee evaluation/job performance records" within the meaning of the FOIA).
The standard for the release of "employee evaluation/job performance records" is set forth at A.C.A. § 25-19-105(c)(1). Specifically, such records are subject to disclosure only under the following three conditions:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Since no suspension or termination has reportedly resulted from the investigation, at least the second condition for disclosure has not been met in this case, meaning that the custodian was correct in declining to produce any "employee evaluation/job performance records" contained in the internal affairs file.
I should note that the complaint record itself does not constitute an employee evaluation/job performance record. Rather, it constitutes a "personnel record" within the meaning of the FOIA. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g.,
Ark. Ops. Att'y Gen. Nos. 2001-063; 2000-175; 2000-059; 99-244; 99-147, citing Watkins, The Arkansas Freedom of Information Act (3d ed., 1998), at 134. Moreover, this office has specifically found that unsolicited complaints about employees constitute those employees' "personnel records," as do documents notifying such employees of the complaints.See Ark. Ops. Att'y Gen. Nos. 2003-053; 2000-175; 2000-058.
Therefore, the complaint record itself, as well as any other records in the Internal Affairs file that are not employee evaluation/job performance records and that constitute "personnel records," must be evaluated under the standard of disclosability for personnel records. Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and has adopted a balancing test to determine whether it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. It should be noted that the court has deemed the public's interest to be outweighed by the individual's interest only when the information contained in the record relates intimate details of the individual's life — details that if released might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. See, Young, supra. The complaint record and any other "personnel records" in the file you have requested must be evaluated under this standard.
Some of the records contained in the internal affairs file may not constitute either employee evaluation/job performance records or personnel records. Such records must be evaluated by the custodian to determine whether they are subject to other specific exemptions from disclosure. For example, medical and scholastic records in the file would be exempt from disclosure under A.C.A. § 25-19-105.
Finally, the custodian should review individually all records that are released to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt. Any such information should be redacted from the records prior to their release. For example, the custodian should not release social security numbers.See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the employee in question has a heightened privacy interest, the listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998); Op. Att'y Gen. No. 99-054. The FOIA further exempts from disclosure the home addresses of nonelected municipal, county and state employees. A.C.A. § 25-19-105(b)(13).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh